IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MILLENNIUM LAB HOLDINGS II, LLC, | : | Case No. 15-12284 (___) |
| 16981 Via Tazon, San Diego, California, 92127, | : | Tax I.D. No. 46-5355299 |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| MILLENNIUM HEALTH, LLC, | : | Case No. 15-12285 (___) |
| 16981 Via Tazon, San Diego, California, 92127, | : | Tax I.D. No. 26-1565558 |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| RXANTE, LLC, | : | Case No. 15-12286 (___) |
| 16981 Via Tazon, San Diego, California, 92127, | : | Tax I.D. No. 45-4040219 |
| Debtor. | : | |

**DEBTORS' MOTION FOR ORDER (A) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND DEL. BANKR. L.R. 1015-1 AND (B) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 1005 AND 2002(n)**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order, pursuant to section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local

Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and seeking a waiver of the requirements that the captions and certain notices in these chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of W. Brock Hardaway in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n), and Local Bankruptcy Rule 1015-1.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.  On the date hereof (the "<u>Petition Date</u>"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>").

5.  The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.  To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.  The Debtors' business is focused on utilizing the science of toxicology and pharmacogenetics to assist healthcare professionals with identifying and managing patient utilization of prescription and non-prescription drugs. The Debtors offer a suite of innovative, industry-leading solutions including urine drug testing, pharmacogenetic testing, and predictive analytics, which together provide customers with an end-to-end, personalized solution for improving medication use.

8.  Contemporaneous with the commencement of the Chapter 11 Cases, the Debtors filed their joint prepackaged plan of reorganization (the "<u>Plan</u>"). The Plan provides for payment of the Debtors' obligations under their settlement agreements with the United States Department of Justice as well as a financial restructuring that will significantly reduce the Debtors' funded indebtedness and place the Debtors in a stronger financial position for the future. The Plan has been overwhelmingly accepted by the single impaired class that is entitled to vote with approximately 99% of the outstanding claims voting and more than 93% of those claims who voted voting in favor. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and

restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[1]

## RELIEF REQUESTED

9. By this Motion, the Debtors request entry of an order, under Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n), and Local Bankruptcy Rule 1015-1, consolidating the Chapter 11 Cases for procedural purposes only and waiving the requirement that the Debtors' captions and certain notices in the Chapter 11 Cases contain certain identifying information.

10. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 provides that an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, which establishes that the joint administration of two or more cases pending in this Court is warranted and will ease the administrative burden for the Court and the parties. Del. Bankr. L.R. 1015-1.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

12. The Debtors in these proceedings are Millennium Lab Holdings II, LLC and certain of its direct and indirect wholly-owned subsidiaries. As such, the three Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

13. Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

14. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in the Chapter 11 Cases. Finally, joint administration will ease the burden on the office of the U.S. Trustee in supervising these bankruptcy cases.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

16. The Debtors' estates will benefit from the reduced costs as a result of such joint administration. Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 15-12284 (___) |
| MILLENNIUM LAB HOLDINGS II, LLC, <u>et al.</u>, | : | Jointly Administered |
| | : | |
| Debtors.[1] | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |

17.    Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).

18.    The Debtors submit that use of this simplified caption without full tax identification numbers will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers and their addresses. Moreover, the full tax identification numbers will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website[2] to be maintained by the Debtors' proposed noticing and claims agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Millennium Lab Holdings II, LLC (5299); Millennium Health, LLC (5558); and RxAnte, LLC (0219). The Debtors' address is 16981 Via Tazon, San Diego, California, 92127.

[2] http://cases.primeclerk.com/millenniuminfo

19. In addition, the Debtors request that the Court make separate docket entries on the dockets of Millennium Health, LLC and RxAnte, LLC, substantially as follows:

> An order has been entered in this case consolidating this case with the case of Millennium Lab Holdings II, LLC, Case No. 15-12284 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-12284 (___) should be consulted for all matters affecting this case.

20. It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in the Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

## APPLICABLE AUTHORITY

21. No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. An order of joint administration relates to the routine administration of a case and may be entered by the court in its discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. Indeed, the relief requested herein is commonly granted in this District. See, e.g., In re Dendreon Corp., Case No. 14-12515 (PJW) (Bankr. D. Del. Nov. 12, 2014); In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014); In re Savient Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Oct. 16, 2013).[1]

---

[1] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.


## NOTICE

22.    Notice of this Motion shall be given to: (i) the U.S. Trustee, (ii) counsel to the Prepetition Agent, (iii) counsel to the Ad Hoc Group of Prepetition Lenders, (iv) counsel to Millennium Lab Holdings, Inc., (v) counsel to TA Millennium, Inc., (vi) the United States Department of Justice, (vii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors and (viii) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 10, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Anthony W. Clark*
Anthony W. Clark (I.D. No. 2051)
Jason M. Liberi (I.D. No. 4425)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman (*pro hac vice admission pending*)
Raquelle L. Kaye (*pro hac vice admission pending*)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman (*pro hac vice admission pending*)
Matthew N. Kriegel (*pro hac vice admission pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
MILLENNIUM LAB HOLDINGS II, LLC,              :    Case No. 15-12284 (___)
                                              :
16981 Via Tazon, San Diego, California,       :    Tax I.D. No. 46-5355299
92127,                                        :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
MILLENNIUM HEALTH, LLC,                       :    Case No. 15-12285 (___)
                                              :
16981 Via Tazon, San Diego, California,       :    Tax I.D. No. 26-1565558
92127,                                        :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
RXANTE, LLC,                                  :    Case No. 15-12286 (___)
                                              :
16981 Via Tazon, San Diego, California,       :    Tax I.D. No. 45-4040219
92127,                                        :
                Debtor.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER (A) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES
PURSUANT TO FED. R. BANKR. P. 1015(b) AND DEL. BANKR. L.R. 1015-1
AND (B) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1)
AND FED. R. BANKR. P. 1005 AND 2002(n)**

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order"), pursuant to Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b) and 2002(n) and Local Bankruptcy Rule 1015-1, (i) providing for the joint administration of the Debtors' separate Chapter 11 Cases for procedural purposes only and (ii) seeking a waiver of the requirement that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and addresses; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases be, and hereby is, jointly administered by the Court.

3. The caption of the jointly administered cases shall read as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                     :   Chapter 11
In re:                                                               :
                                                                     :   Case No. 15-12284 (___)
MILLENNIUM LAB HOLDINGS II, LLC, et                                  :
al.,                                                                 :   Jointly Administered
                                                                     :
            Debtors.¹                                                :
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

    4. Each motion, application and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Millennium Lab Holdings II, LLC, Case No. 15-12284 (___).

    5. The requirement under Bankruptcy Rule 2002(n) that any other names used by the Debtors in the previous eight (8) years and each Debtor's employer identification number be contained in the caption is hereby waived.

    6. Docket entries shall be made on the dockets of Millennium Health, LLC, and RxAnte, LLC, substantially as follows:

> An order has been entered in this case consolidating this case with the case of Millennium Lab Holdings II, LLC, Case No. 15-12284 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-12284 (___) should be consulted for all matters affecting this case.

    7. Procedural consolidation shall be for administrative purposes only and shall not be a substantive consolidation of the Debtors' estates.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Millennium Lab Holdings II, LLC (5299); Millennium Health, LLC (5558); and RxAnte, LLC (0219). The Debtors' address is 16981 Via Tazon, San Diego, California, 92127.

8. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

4