## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MILLENNIUM LAB HOLDINGS II, LLC,<br>*et al.*,<br><br>                       Debtors. | Chapter 11<br><br>Case No. 15-12284 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: May 4, 2016 at 11:00 a.m. (ET)**<br>**Objection Deadline: April 22, 2016 at 4:00 p.m. (ET)**<br><br>**Re: D.I. 312 & 325** |

### OBJECTION OF SUNTRUST BANK TO THE MOTION OF THE PLAN TRUSTEE FOR AUTHORITY TO TAKE DISCOVERY UNDER BANKRUPTCY RULE 2004

SunTrust Bank ("SunTrust") files this objection (the "Objection") to the *Motion of the Plan Trustee for Authority to Take Targeted Discovery, Pursuant to the Debtors' Confirmed Plan of Reorganization, Confirmation Order, Bankruptcy Code 105(a) and Bankruptcy Rule 2004* [D.I. 312] (the "Motion").

### ADOPTION OF OTHER OBJECTION TO THE MOTION

On April 6, 2016, Mark Kirschner (the "Litigation Trustee"), in his capacity as Trustee of the Millennium Corporate Claim Trust and the Millennium Lender Claim Trust, filed the Motion. On April 22, 2016, JPMorgan Chase Bank, N.A. ("JPMC Bank"), J.P. Morgan Securities LLC (together with JPMC Bank, "JPMC") and Simpson Thacher & Bartlett LLP ("STB") filed an objection (the "JPMC Objection") [D.I. 325] to the Motion, arguing, among other things, that the Motion should be denied both on jurisdictional grounds and as a matter of the Court's discretion. Alternatively, the JPMC Objection argues that the scope of any Rule 2004 examination should be narrowed. SunTrust hereby joins the JPMC Objection and incorporates by reference that objection in its entirety. To the full extent that the arguments contained therein apply to SunTrust in its limited role as co-manager and co-documentation

8515465

agent under the pre-petition credit agreement dated as of April 16, 2014 (the "2014 Credit Agreement") and the Litigation Trustee's proposed document requests of SunTrust, SunTrust adopts as its own the arguments contained in the JPMC Objection.

## ADDITIONAL GROUNDS FOR OBJECTION

In addition, SunTrust objects to the Motion on certain grounds not otherwise stated in the JPMC Objection.  Specifically, SunTrust states as follows:

1.      Under the 2014 Credit Agreement, SunTrust was Co-Manager, Co-Documentation Agent, and a Lender (as those terms are defined in the 2014 Credit Agreement). However, SunTrust had absolutely no duties or responsibilities as Co-Manager and Co-Documentation Agent under the 2014 Credit Agreement.  (*See, e.g.,* Section 9.10 of the 2014 Credit Agreement ("Neither the Arrangers, the Documentation Agents, nor the Syndication Agent shall have any duties or responsibilities hereunder in their respective capacities as such.")).[1]  SunTrust was not responsible for syndicating or otherwise arranging the transactions.

2.      Notwithstanding SunTrust's extremely limited role in the transactions, the Litigation Trustee now seeks to compel SunTrust to respond to a request for production of documents with no less than fifty-two numbered requests.  These proposed document requests, which are attached as Annex E to the Motion, are overly broad and unduly burdensome for the reasons stated in the JPMC Objection.  The relief sought in the Motion would be a substantial waste of resources, and the Motion should be denied.

3.      In the alternative, if the Court determines that good cause exists for a Rule 2004 examination, such examination should be limited to JPMC—the prior Administrative Agent

---

[1]   The 2014 Credit Agreement is attached as Exhibit 6 to the *Declaration of Jacob T. Beiswenger in Support of the Trustee's Motion to Take Targeted Discovery Pursuant to Bankruptcy Rule 2004* [D.I. 314].

8515465

under the 2014 Credit Agreement.  The Litigation Trustee's proposed document requests for SunTrust are nearly identical to the proposed document requests for JPMC, Citibank Global Markets Inc., and BMO Capital Markets Corp. (collectively, the "Other Targets").  In light of the extremely limited nature of SunTrust's role in the transaction, any documents produced by SunTrust would be largely (if not entirely) duplicative of documents produced by JPMC and the Other Targets.  Requiring the parties to engage in a substantially overlapping document production would be a duplication of effort and waste of resources.

## RESERVATION OF RIGHTS

In the event the Motion is granted, in whole or in part, SunTrust reserves all of its rights with respect to any subpoena or other discovery request issued by the Litigation Trustee, including, without limitation, its right to object to the subpoena or other request on customary grounds, to assert any applicable claim of privilege, and to condition any production upon entry of an appropriate protective order.

*[Remainder of the page is intentionally blank.]*

8515465

## CONCLUSION

WHEREFORE, SunTrust respectfully requests that the Court:

(i)     enter an order denying the Motion; and

(ii)    grant such other and further relief as may be necessary or appropriate under the

circumstances.

Dated: April 22, 2016                          Respectfully submitted,

                                               **MORRIS JAMES LLP**


                                               Stephen M. Miller (DE Bar No. 2610)
                                               500 Delaware Avenue, Suite 1500
                                               P.O. Box 2306
                                               Wilmington, DE  19899-2306
                                               Telephone: (302) 888-6800
                                               Facsimile: (302) 571-1750
                                               Email: smiller@morrisjames.com

                                               *Counsel for SunTrust Bank*

*Of Counsel*:
KING & SPALDING LLP
Sarah R. Borders
Jeffrey R. Dutson
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile: (404) 572-5131
Email:   sborders@kslaw.com
         jdutson@kslaw.com

8515465